IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BILL SMITH PROPERTIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY and AMERICAN STATES INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(b) and Local Rule CV-81.1, Defendants Liberty Mutual Insurance Company ("LMIC) and American States Insurance Company ("ASIC" and together with "LMIC", "Defendants") file this *Notice of Removal* hereby removing this action from the 42nd Judicial District Court of Taylor County, Texas to the United States District Court for the Northern District of Texas, Abilene Division.[1]  Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Bill Smith Properties, Inc. ("Plaintiff") and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.
## INTRODUCTION

This dispute arises out of a claim for alleged hail damage to commercial properties located at 102 Poplar Street, 2041 N. 2nd Street and 128 Graham Street, Abilene, Texas (the "Properties).  Plaintiff alleges that Defendants breached policies of

---

[1] As set forth in the verified denial filed in the state court action, a copy of which is attached to this Notice of Removal, Liberty Mutual Insurance Company did not issue the Policy in this case.  The Policy was issued by American States Insurance Compay.

---

**DEFENDANTS' NOTICE OF REMOVAL** Page 1

insurance and that Defendants violated certain provisions of the TEXAS INSURANCE CODE and TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by, among other things, failing to pay Plaintiff's claim for damages allegedly resulting from storm damages.

On April 3, 2015, Plaintiff filed its Original Petition in the 42nd Judicial District Court of Taylor County, Texas against Defendants. Defendants were served with a citation and a copy of Plaintiff's Original Petition on or about April 10, 2015 through their registered agent for service of process.

On April 8, 2015, Defendants timely filed an answer to Plaintiff's Original Petition. This Notice of Removal is being filed within thirty (30) days of service of the Petition, and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper in this case because there is complete diversity of citizenship between the properly joined parties, and it is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00.

## II.
## NOTICE OF REMOVAL BASIS FOR SAME

**A.   DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged in its Original Petition that it is a Texas Corporation. Plaintiff's Original Petition at ¶ 2. LMIC is a company organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts.

ASIC is a company organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. It is both an Indiana and Massachusetts citizen for diversity purposes

**B.   AMOUNT IN CONTROVERSY**

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000.00, the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

**1.   Plaintiff's Original Petition**

Plaintiff's Original Petition includes causes of action against Defendants for (1) breach of contract; (2) Negligence; (3) breach of the duty of good faith and fair dealing; (4) deceptive trade practices; and violations of the TEXAS INSURANCE CODE, Chapters 541 and 542. Based on these causes of action, Plaintiff specifically pleads that it "sues for monetary relief in an amount in excess of 1,000,000.00." Plaintiff's Original Petition at ¶ 6.

### 2. Plaintiff's Claim for Attorneys' Fees

Furthermore, if a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985). Here, Plaintiff seeks reasonable and necessary attorneys' fees. *See* Plaintiff's Original Petition at ¶XII(b). Therefore, the amount in controversy in this case clearly exceeds $75,000.00.

## III.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 8.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet and a signed Certificate of Interested Persons that complies with LR 3.1(c). Additionally, the following exhibits are attached:

- **EXHIBIT A**   Index of all documents filed in the state court action;
- **EXHIBIT B**: Register of Actions in the state court action; and
- **EXHIBITS C1 – C2**: A copy of each document filed in the state court action.

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendants Liberty Mutual Insurance Company and American States Insurance Company respectfully request that the above-captioned action now pending in the 42nd Judicial District Court, Taylor County, Texas be removed to the United States District Court for the Northern District of Texas, Abilene Division.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Email:  mark.tillman@tb-llp.com
              colin.batchelor@tb-llp.com

**ATTORNEYS FOR DEFENDANTS
LIBERTY MUTUAL INSURANCE
COMPANY AND AMERICAN STATES
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **Defendants' Notice of Removal** has been forwarded to Plaintiff's counsel of record, as identified below, via electronic means and/or facsimile, on the 11th day of May, 2015, in accordance with the Federal Rules of Civil Procedure.

**ATTORNEYS FOR PLAINTIFF
BILL SMITH PROPERTIES, INC.**

Timothy M. Hoch
HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817) 731-9703 (Telephone)
(817) 731-9706 (Facsimile)

*/s/ Mark D. Tillman*
MARK D. TILLMAN