CITATION BY MAILING

# CITATION BY MAILING
## 49007-A

**THE STATE OF TEXAS**

TO: American States Insurance Company by serving its registered agent Corporation Service Company 211 East 7th Street Suite 620 Austin TX 78701-3218

Defendant GREETINGS:

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**YOU ARE HEREBY COMMANDED** to appear before the 42nd District Court of the City of Abilene, Texas County of Taylor, Texas by filing a written answer to Original Petition () at or before 10:00 a.m. of the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of which accompanies this Citation, in Cause Number **49007-A,** and filed in said Court on 04/03/2015 and styled:

Bill Smith Properties, Inc. vs. Liberty Mutual Insurance Company, American States Insurance Company

Said Plaintiffs Petition was filed in said Court by Timothy M Hoch (Attorney for Plaintiff), whose address is Hoch Law Firm PC 5616 Malvey Avenue Fort Worth TX 76107

**ISSUED AND GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT,** at Abilene, Texas this day of April 07, 2015.

> Patricia Henderson, District Clerk
> 42nd District Court
> Abilene, Taylor County, Texas 79602
>
> By: *Ashlee Stewart*
> Ashlee Stewart, Deputy

**EXHIBIT C-1**

## RETURN OF SERVICE

49007-A      42nd District Court
Bill Smith Properties, Inc. vs. Liberty Mutual Insurance Company, American States Insurance Company
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
**American States Insurance Company by serving its registered agent Corporation Service Company 211 East 7th Street Suite 620 Austin TX 78701-3218**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____ County, Texas by mailing to the Defendant certified mail, return receipt
Requested with restricted delivery a true copy of this citation together with an attached copy of Original Petition () to the following address:

_____    _____
Defendant                                              Address

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto,

Signed by _____

And dated _____

(Place Cert Mail
Receipt Here)

This citation was not executed for the following reason:

_____
_____

To certify which witness my hand officially.
**Patricia Henderson, District Clerk**

By: _____
      Deputy

Fee for serving Citation: $_____

**ATTACH RETURN RECEIPT(S) WITH
ADDRESSEE'S SIGNATURE**

Filed 4/3/2015 9:45:33 AM
Patricia Henderson
District Clerk
Taylor County, Texas
Kathy Conway

CAUSE NO. 49007-A

| | | |
|---|---|---|
| BILL SMITH PROPERTIES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TAYLOR COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY, | § | |
| AMERICAN STATES INSURANCE COMPANY, | § | |
| | § | |
| *Defendants* | § | Taylor 42nd District Court JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

BILL SMITH PROPERTIES, INC. files this suit for damages against LIBERTY MUTUAL INSURANCE COMPANY and AMERICAN STATES INSURANCE COMPANY for negligence and breach of an insurance contract and in support hereof would show the Court and Jury:

### I.

### DISCOVERY CONTROL PLAN

1. Discovery in this suit shall be according to a "Level 3" discovery control order, pursuant to Texas Rule of Civil Procedure 190.4.

### II.

### PARTIES

2. BILL SMITH PROPERTIES, INC. ("Plaintiff") is a Texas Corporation. Plaintiff is the owner of a commercial properties located at:

   a. 2041 North Second Street, Abilene, Texas

   b. 102 Poplar Street, Abilene, Texas

   c. 128 Graham Street, Abilene, Texas

3. LIBERTY MUTUAL INSURANCE COMPANY is a Massachusetts insurance company licensed to write property and casualty insurance in the State of Texas by the Texas

Department of Insurance. This Defendant can be served with citation by serving its registered agent via certified mail in accordance with the Texas Rules of Civil Procedure as follows: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

4. AMERICAN STATES INSURANCE COMPANY is an Indiana insurance company licensed to write property and casualty insurance in the State of Texas by the Texas Department of Insurance. This Defendant can be served with citation by serving its registered agent via certified mail in accordance with the Texas Rules of Civil Procedure as follows: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

### III.

#### VENUE AND JURISDICTION

5. Venue is proper in Taylor County as the Plaintiff owns, and the Defendants have insured, the properties made the basis of this suit which is located in Taylor County, Texas. Further, all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, Texas.

6. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff sues for monetary relief in an amount in excess of $1,000,000.00.

### IV.

#### BACKGROUND FACTS

7. Plaintiff is the owner of a commercial properties (hereafter the "properties") located at:

    a. 2041 North Second Street, Abilene, Texas ("2nd Street property")

    b. 102 Poplar Street, Abilene, Texas ("Poplar Street property")

    c. 128 Graham Street, Abilene, Texas ("Graham Street property")

8. The properties were insured by Defendants under Commercial Lines Account No. 04-CC-216003-7 (the "policy") and in effect during all periods relevant hereto.

9. On or about April 24, 2011, the 2nd Street Property and the Poplar Street property were hit by a large hailstorm and sustained heavy roof and structural damage from hail well in excess of 2 inches in diameter. After Plaintiff discovered the hail, wind and storm damage, Plaintiff notified Defendants about this loss.

10. Defendants adjusted the loss and found the roofs of both the 2nd Street property and the Poplar Street property to have been heavily damaged. In spite of this finding, Defendants failed to adequately compensate Plaintiff in accordance with the terms of the Policy. Instead Defendants offered only enough to allow Plaintiff to patch the roofs. On June 12, 2014, another violent hailstorm struck all of the properties, including the Graham Street property and caused damage which requires full roof replacement and compensation for interior damage. The Defendants, having refused to adjust and pay the full measure of loss on the 2nd Street and Poplar Street properties arising from the April 24, 2011 hailstorm, blamed the losses from the June 12, 2014 hailstorm on the April 24, 2011 hailstorm. By employing this strategy to blame the 2011 storm in the 2014 adjustment, Defendants grossly circumscribed and limited the amount that Defendants were willing to pay Plaintiff under the Policy. By embarking on this strategy, Defendants have failed and refused pay Plaintiff for the damages caused during both the 2011 and the 2014 policy periods. This failure to pay for the damages sustained during the policy periods is a breach of the terms of the Policies.

11. Defendants have failed and refused to pay Plaintiff an appropriate amount for losses and damages caused to Plaintiff's properties by an occurrence covered under their contract of insurance.

## V.

### FIRST CAUSE OF ACTION-BREACH OF CONTRACT

12. Plaintiff contracted with Defendants for property and casualty insurance on the property made the basis of this lawsuit. As part of the contract for insurance, Plaintiff paid the Defendants premiums as required under the terms of the Policy. Defendants agreed to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting in a Covered Cause of Loss." The damage to the Plaintiff's building was the type covered by the contract for insurance.

13. Defendants breached the contract for insurance in one or more of the following ways:

   (a) Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy;

   (b) Failing to provide a reasonable explanation of the basis for denying the claim; and

   (c) Failing to promptly and equitably pay the claim once liability had become reasonably clear.

14. This breach of contract by the Defendants is a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VI.

### SECOND CAUSE OF ACTION-NEGLIGENCE

15. Defendants owed a duty to Plaintiff to adjust the claim and pay the loss in accordance with the standards in the insurance industry.

16. Defendants breached its duty to Plaintiff in one or more of the following ways:

(a) Failing to properly investigate the claim;

(b) Failing to properly adjust the claim;

(c) Failing to pay the claim in a timely manner.

17. These acts or omissions by the Defendants, singularly or in any combination, are a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VII.

## THIRD CAUSE OF ACTION-BREACH OF GOOD FAITH AND FAIR DEALING

18. From and after the time the Plaintiff's claim was presented to Defendants, it's liability to pay the claim in accordance with the terms of the Insurance Policies was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, Defendants refused to accept the claim and pay Plaintiff.

19. At that time, Defendants knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Plaintiff will show that Defendants failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges, including requirement that Plaintiff submit to piecemeal Appraisal to avoid paying a valid claim.

20. Consequently, Defendants breached their duty to deal fairly and in good faith with the Plaintiff. Defendants' breach were a proximate cause of the losses, expenses, and damages suffered by the Plaintiff as more specifically described below. These losses include a separate and distinct measure of damages which would not have been incurred but for the Bad Faith committed by Defendants.

21. The breach of duty by the Defendants was aggravated by the kind of malice, fraud or gross negligence for which the law allows the imposition of exemplary damages.

22. Defendants' conduct was aggravated by malice because the conduct was specifically intended to cause substantial injury to Plaintiff.

23. Defendants' conduct was grossly negligent in that the conduct involved an extreme degree of risk of potential harm to the Plaintiff or others and, despite Defendants being actually and subjectively aware of the risk involved, Defendants proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiff.

24. Plaintiff seeks exemplary damages in an amount to be assessed by the trier of fact.

## VIII.

### FOURTH CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES

25. Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

26. Violations of Section 17.46(b). Defendants violated Section 17.46(b) of the Texas Business and Commerce Code. Specifically, Defendants:

(a) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(b) represented that goods or services were of a particular standard, quality, or grade, or that goods were of a particular style or model, if they are of another;

(d) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(e) failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

27. Unconscionable Action or Course of Action. Defendants engaged in an

"unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

## IX.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS INSURANCE CODE

28. Defendants engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code. Specifically, Defendants:

(a) misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue;

(b) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendants' liability had become reasonably clear; and/or

(c) failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendants' denial of a claim or offer of a compromise settlement of a claim.

(d) refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim.

29. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

30. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

## X.

### DISCOVERY

31. Pursuant to Tex.R.Civ.P. 194, Defendants are requested to disclose within fifty (50) days of service of this request, the information or material described in Tex.R.Civ.P. 194.2.

## XI.

### CONDITIONS PRECEDENT

32. By letter dated April 2, 2015, Plaintiff gave Notice as required under the Texas Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq) and the Texas Insurance Code Sections 541 and 542 et seq. The 60 day Notice had not expired prior to the filing of this Petition. Such Notice was rendered impracticable because of the necessity of filing before the expiration of the Statute of Limitations. All other conditions precedent to filing suit have been met, including Plaintiff's payment of the insurance premium to Defendants.

## XII.

### PRAYER

33. For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for:

(a) Actual damages;

(b) Reasonable and necessary attorney's fees;

(c) Extra-contractual damages for Defendants' violations of the Texas Insurance Code and the Texas Insurance Code including exemplary and punitive damages for knowing violations;

(c) Pre-judgment and post-judgment interest as allowed by law;

(d) Costs of court;

(e) All other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile

CERTIFIED MAIL™

AFTER FIVE DAYS RETURN TO
PATRICIA HENDERSON
Taylor County District Clerk
300 Oak Suite 400 Taylor County Courthouse
Abilene, Texas 79602

7014 0150 0002 1115 3997

U.S. POSTAGE >> PITNEY BOWES
ZIP 79602 $ 006.90
02 1W
0001366066 APR. 07. 2015

American States Insurance Company
Registered Agent Corporation Service Company
211 East 7th Street Suite 620
Austin, TX 78701

Case # 49007A

Certified Mail (Addressee Only)
Return Receipt Requested
Restricted Delivery
To Whom, When, and Where Delivered
Address Correction Requested

78701$3218 C012